IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOB DAEMMRICH PHOTOGRAPHY, INC. | § § § | |
| v. | § § | 1:15-CV-1098-LY |
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, et al. | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Partially Dismiss First Amended Complaint (Dkt. No. 33); Plaintiff's Memorandum in Opposition to Motion to Partially Dismiss First Amended Complaint (Dkt. No. 36); and Defendants' Reply (Dkt. No. 38). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I.  GENERAL BACKGROUND

Plaintiff Bob Daemmrich Photography, Inc. (Daemmrich) brings this suit against McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (McGraw-Hill) alleging copyright infringement. Daemmrich is a stock photography agency that licenses the work of Bob Daemmrich to McGraw-Hill both directly and through a number of third-party stock photography agencies. Daemmrich had sold the limited licenses to use copies of stock photographs it owned in certain publications. The licenses were limited by number of copies, distribution area, language, duration, and media type. Daemmrich claims that McGraw-Hill exceeded the licenses, infringing on the copyrights in the stock photographs in a number of ways, including: printing more

copies than licensed, distributing outside the distribution area, publishing international editions, and publishing outside the time limits prescribed by the licenses.

On February 13, 2017, Daemmrich filed an Amended Complaint, attaching two new exhibits, Exhibits 6 and 7, which added a number of claims from documents produced by McGraw-Hill during discovery. Exhibit 6 comes from McGraw-Hill's 1Step Database; Exhibit 7 comes from its CREATE database. The CREATE database was produced shortly before Daemmrich's amended pleadings were due. Both database reports provide information from McGraw-Hill's own records on stock photographs used in its publications. McGraw-Hill moves to partially dismiss the First Amended Complaint. It does not challenge the first five exhibits, but only challenges the adequacy of the pleadings for Exhibits 6 and 7. These exhibits do not include the same information, which McGraw-Hill argues is required to satisfy the pleading standard in Rule 8(a).

The first five exhibits have columns, in spreadsheet form, containing: (1) a thumbnail of the image, (2) the stock ID number of the photograph, (3) the copyright registration number, (4) the invoice number for any licenses, (5) where the photograph was published, and (6) the licencing information. Though not every column is complete for each image in Exhibits 1–5, all include at least the image, stock ID number, and copyright registration information. In contrast, Exhibit 6 lists the (1) ISBN number of the publication in which the infringing photograph is found, (2) title of the publication, (3) stock ID number, (4) photograph credit included in the publication, and (5) any invoice information available. It does not include either a thumbnail version of the image itself or the copyright registration number. Exhibit 7 then provides the (1) book unique identification number (from McGraw-Hill's records), (2) author, title, edition, and ISBN number of the publication in which the photograph is printed, (3) exact location in the publication, and (4) licensor listed in McGraw-Hill's records. It does not provide a thumbnail image, stock ID number, or copyright registration number.

As Exhibits 6 and 7 do not include the same information that was included in the five previous exhibits, McGraw-Hill moves to dismiss the claims in each of these exhibits. Specifically, McGraw-Hill moves to dismiss 338 of the 528 claims in Exhibit 6 and all 212 claims in Exhibit 7.[1] Daemmrich contends that it has sufficiently pled copyright infringement for each photograph, and therefore the claims provided in these exhibits should not be dismissed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P.12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court generally is not to look beyond the pleadings in deciding a motion to dismiss. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

---

[1]McGraw states it was able to discern from Exhibits 1-5 the copyright registration information for the remaining 190 claims, because these photographs are the same as were provided in the previous exhibits. Daemmrich merely alleged additional instances of infringement for the photographs. Further, Daemmrich agrees that some of the claims in Exhibit 6 should be dismissed without prejudice as it could not locate the registration information for these claims. As such, the Court **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** the claims in Exhibit 6, rows: 10, 14, 70, 75, 76, 77, 99, 103, 147, 176, 184, 186, 187, 210, 226, 233, 234, 235, 236, 237, 244, 246, 293, 296, 297, 304, 311, 314, 315, 316, 317, 320, 344, 346, 348, 353, 380, 381, 382, 383, 408, 416, 417, 419, and 465.

3

## xIII. ANALYSIS

McGraw-Hill contends that Daemmrich failed to sufficiently plead copyright infringement for the claims listed in Exhibits 6 and 7 to the Amended Complaint. To succeed on a copyright infringement claim, a plaintiff must prove that: (1) he owns a valid copyright in the applicable work, and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004). Federal Rule of Civil Procedure 8(a), requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, McGraw-Hill argues that courts have applied a heightened pleading standard for copyright infringement claims, which requires plaintiffs to allege: "(1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright." *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)). *But see Arista Records, LLC v. Greubel*, 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006) ("To the extent Gruebel is suggesting that there is a heightened pleading requirement for copyright litigation, that position does not comport with the liberal pleading requirements found in the Federal Rules of Civil Procedure."). McGraw-Hill contends that Daemmrich has failed to meet this standard because the complaint does not identify the specific original works at issue or plead a valid registered copyright in the works. Daemmrich maintains that, even if the heightened pleading standard applies, it has sufficiently alleged copyright infringement for these exhibits. The Court agrees.

**A.    Specific Original Works**

First, McGraw-Hill argues that Daemmrich has not identified the works that are the subject of its claim in Exhibits 6 and 7 with sufficient particularity. McGraw-Hill challenges the sufficiency of (1) Exhibit 6 on the basis that it failed to include the thumbnail images of each of the copyrighted

4

works, and (2) Exhibit 7 on the basis that it failed to provide either the Stock ID number or thumbnail image of each photograph. This argument is misguided. Courts simply do not require the level of specificity that McGraw-Hill insists upon to state a claim for copyright infringement. Rather, the purpose of the complaint is to give fair notice to the defendant of the claims that it must defend against. *Arista Records*, 453 F. Supp. 2d at 965. When applying the heightened pleading standard, courts have found that "copies of a portion of the works at issue and copies of [the defendant's] website" gave sufficient notice. *Sefton*, 201 F. Supp. 2d at 747. Even when the plaintiff "failed to provide a comprehensive list or set of copies of all the photographs at issue," courts have refused to dismiss the claims. *Id.*; *Young-Wolff v. McGraw-Hill Cos.*, No. 13-CV-4372(KMW)(JCF), 2014 WL 349711, *12 (S.D.N.Y. Jan. 31, 2014) (finding sufficient an exhibit "which lists for each photograph at issue an image number and description, the publication title in which the photograph appears (for most photographs), and the licensing agent"). Thus, the level of specificity McGraw-Hill argues is required has never been applied by the courts.

In fact, most courts have required much less. For example, courts have found that a computer printout of recording files found on the defendant's computer identified with sufficient specificity the allegedly infringing works—even when not every copyrighted recording was identified by name. *See Arista Records*, 453 F. Supp. 2d at 965; *Warner Bros. Records, Inc. v. Payne*, No. W-06-CA-051, 2006 WL 2844415, at *2 (W.D. Tex July 17, 2006). The courts found that the printouts gave the defendants fair notice of the claims alleged. *Arista Records*, 453 F. Supp. 2d at 965; *Warner Bros. Records*, 2006 WL 2844415 at *2. Even an invoice that identified the copyrighted photographs by titles—such as "Charlotte Dodds imagery," "Sensual Embrace," or "images from year 2004_campaign 1 and 2007_campaign 1. 2 beauty images / imagery of Kat from Karin Models"—was found to be sufficiently pled. *Bill Diodato Photography LLC v. Avon Products, Inc.*, No. 12 Civ. 847(RWS), 2012 WL 3240428, at *7 (S.D.N.Y. Aug. 7, 2012). In essence, courts only

require enough information to give the defendant fair notice of the claims against it. *See, e.g.*, *Arista Records*, 453 F. Supp. 2d at 965.

Here, Exhibits 6 and 7 have "identif[ied] with some specificity the work[s] at issue." *Terraspan, LLC v. Rave, LLC*, No. 3:12-CV-0816-K, 2012 WL 6115721, at *7 (N.D. Tex. Dec. 10, 2012). First, Exhibit 6 includes for each claim the (1) photograph's Stock ID number, (2) title and ISBN number of the publication in which it was printed, (3) photograph credit, and (4) invoice number for any licenses. The Stock ID number together with the publication information is clearly sufficient to identify with specificity which work is the basis of each claim. Daemmrich's failure to include thumbnails of each image—which appears to be the main difference between the identification information provided in Exhibits 1–5 and that in Exhibit 6—does not make the claim imprecise enough to merit dismissal. *Young-Wolff*, 2014 W 349711, at *4. Similarly, Exhibit 7 contains sufficient information to give McGraw-Hill fair notice of the claim. Though in this exhibit the photographs are not identified by a Stock ID number, Daemmrich identifies each photograph by its exact location in McGraw-Hill's publications and by the provided photograph credit. The location and publication information clearly identifies the work at issue. In a nearly identical case from the Eastern District of Pennsylvania, the court found that either the stock ID number or the exact location of the image was sufficient to identify the photograph. *See Eastcott v. McGraw-Hill Glob. Edu. Holdings, LLC*, No. 2:16-CV-904(GAM) (E.D. Pa. Apr. 13, 2017) (attached as Exhibit to Dkt. No. 41). This Court sees no reason to find otherwise.

Moreover, this information was provided directly from McGraw-Hill's records. It is inconsistent to say that the Exhibits fail to give McGraw-Hill fair notice when Daemmrich uses McGraw-Hill's own record system to identify an image. McGraw-Hill's argument that Daemmrich cannot base its new claims on documents provided from McGraw-Hill because its "own internal photograph identifications are inaccurate, incomplete, and do not necessarily correspond to an actual

6

use of a **particular** photograph by a photographer or agency" is unpersuasive, to say the least. Dkt. No. 38 at 5 (emphasis in original). The sheer number of publications in which the stock photographs have been used makes Daemmrich's reliance on records provided by McGraw-Hill in discovery—at least at this early stage—reasonable. *See Energy Intelligence Group*, 101 F. Supp. 3d at 339 (finding that knowledge of which employee accessed the works was knowledge within the sole authority of the defendant and therefore would be impracticable to require the plaintiff to allege). Further, determinations of the validity of Daemmrich's claims is better addressed through continued discovery and a motion for summary judgment. The exhibits give fair notice to McGraw-Hill, and that is all that is required to survive a motion to dismiss.

On the other hand, courts do require that the list solely identify the works at issue; complaints which identify a number of copyrighted works, but do not specify which works are the subject of the lawsuit have been held insufficient under this standard. *See Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090(DF), 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) ("Plaintiff, however, neither alleges that Wiley infringed his copyright in every photograph listed, nor alleges that Wiley infringed his copyright in any specific photograph on the list."). Thus, "a plaintiff may fail to meet this requirement if the [c]omplaint 'bases an infringement claim on *overly-inclusive* lists of copyrighted works' that amount to 'vague and expansive allegations regarding which works are the subject of [p]laintiff's claims." *Energy Intelligence Group, Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 339 (S.D.N.Y. 2015) (emphasis added) (quoting *Cole*, 2012 WL 3133520, at * 12); *see also Plunket v. Doyle*, No. 99 Civ. 11006(KMW), 2001 WL 175252, at *4 (S.D.N.Y, Feb. 22, 2001) (finding the complaint insufficient when the plaintiff stated that the copyright claims were not limited to the works provided). Again, Exhibits 6 and 7 clearly satisfy this standard. In the complaint, Daemmrich contends that McGraw-Hill infringed on *each* of the photographs listed in all seven exhibits; thus

7

it is clear which claims are at issue. As such, Daemmrich has sufficiently identified the copyrighted works.

**B.     Registered Copyright**

McGraw-Hill also complains that Daemmrich has failed to plead registration for the works in Exhibits 6 and 7. Here, McGraw-Hill argues first that because Exhibits 6 and 7 do not specifically identify the copyright registration number or certificate of registration for each work, Daemmrich has failed to plead ownership of a registered copyright. McGraw-Hill is correct that a prerequisite to bringing a copyright claim under 17 U.S.C. § 411(a) is that the plaintiff must have a copyright registration or preregistration in the works. *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). However, the Court has found no case in which the plaintiff is required to include copyright registration numbers or copies of the registration certificates in the complaint in order to meet the pleading standard. *See, e.g.*, *Arista Records*, 453 F. Supp. 2d at 966; *Bill Diodato Photography LLC*, 2012 WL 3240428, at * 8; *Young-Wolff*, 2013 WL 349711, at *3. Nor does McGraw-Hill point to a single case to support its argument. *See* Dkt. No. 33.

McGraw-Hill further argues that the language used in the complaint is insufficient to plead ownership of registered copyrighted works for Exhibits 6 and 7. Daemmrich stated in its Amended Complaint that "Daemmrich is the owner of copyrights in the photographic images ('Photographs') depicted and described in Exhibits 1–7 hereto" and that "[a]s set forth in Exhibits 1–5, the Photographs have been registered with the United States Copyright Office or have pending copyright registrations." Dkt. No. 31 at 2. McGraw-Hill contends that the language only indicates that Exhibits 1–5 have been registered. However, the Amended Complaint specifically states that the "Photographs"—which in the previous paragraph was defined as all of the images described in Exhibits 1–7—have been registered. Thus, though registration information was solely included for the first five exhibits, Daemmrich has sufficiently alleged that the photographs from all seven

8

exhibits have registered copyrights. *See Eastcott*, *supra*, No. 2:16-CV–904. This argument therefore fails.

McGraw-Hill lastly argues that because Daemmrich uses McGraw-Hill's identification information for Exhibits 6 and 7 rather than information from its own records, it cannot possibly know whether it has a registered copyright in the photographs. Again, the Court finds this argument unpersuasive. Accepting all allegations as true, as is required by Rule 12(b)(6), Daemmrich has provided a list of stock photographs that it claims are owned and registered by Daemmrich. This is all that is required at this stage. *Arista Records*, 453 F. Supp. 2d at 966 (allowing claims to move forward that pled registered copyrights even when the printouts did not identify the recordings by title); *Bill Diodato Photography*, 2012 WL 3240428, at * 8. This argument also fails.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Partially Dismiss First Amended Complaint (Dkt. No. 33). Specifically, the Court **RECOMMENDS** that the District Court **GRANT** the motion and **DISMISS WITHOUT PREJUDICE** the claims listed in Exhibit 6, rows: 10, 14, 70, 75, 76, 77, 99, 103, 147, 176, 184, 186, 187, 210, 226, 233, 234, 235, 236, 237, 244, 246, 293, 296, 297, 304, 311, 314, 315, 316, 317, 320, 344, 346, 348, 353, 380, 381, 382, 383, 408, 416, 417, 419, and 465 and **DENY** the motion for all other claims.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE